Scott, J.
It is not represented, by the information in this case, that the defendant Marlow was not declared duly elected sheriff, upon.the canvass of the poll-books by the clerk and justices who were authorized by statute to open them, ascertain their results, and make an abstract thereof; nor is it denied that he received from the clerk a certificate, in proper *132 form of his election, nor, that in virtue thereof and pursuant to statute, he was duly commissioned by the governor as sheriff of said county, took the oath of office, gave bond, and was, under all the forms required by law, inducted into the office from which it is here sought to oust him. His right to the office is denied on the sole ground that at the election held for the purpose of filling this and the county offices, the majority of votes was given, not for him, but for Ingerson.
Indeed, we are informed by counsel on behalf of the information, that the clerk and justices, rejecting a portion of the poll-books, declared Marlow, the defendant, duly elected, and that he was accordingly commissioned, and is now holding and exercising the office in virtue of such commission.
The information is evidently based on the supposition, that in a proceeding of this kind, we can go behind the commission of the governor, and the certificate of the clerk upon which the statute requires it to be issued, examine the poll books, admit parol evidence in regard to the legality of the votes therein returned, and upon such evidence, determine the result of the election, as an original question. If we can not do so, it would, manifestly, be in vain to require the defendant to answer.
Passing by all alleged defects in the information which might be amended, and all questions as to the regularity of the mode in which the proceeding was instituted, and as to the authority of the party who claims to represent the state in this prosecution, an important question arises as to the evidence by which, in quo warranto, the election of a county officer, such as sheriff, must be determined. The statute having provided a tribunal for the trial of contested elections, and prescribed a mode in which such trials shall be conducted, are the results of such elections still open to inquiry upon information in the nature of quo warranto, as though no such statutory mode of judicial inquiry and determination existed?
It is claimed, on behalf of the prosecution here, that both at common law, and by the provisions of the statute, an inquiry may be had by quo warranto, into the authority by *133 which any person may claim to hold or exercise any public office, the functions of which he has assumed; and as the constitution of the state expressly confers on the supreme and district courts original jurisdiction in quo warranto, that jurisdiction can be, in no respect, narrowed, impaired, or limited by legislative action, and that therefore the finding and judgment of the statutory tribunal provided for the trial of contested elections, are not conclusive in a proceeding in quo warranto, in the courts upon which that jurisdiction has been conferred; or, at least, that the jurisdiction is concurrent, and that where no statutory contest has been resorted to, a full inquiry may be had in quo warranto.
On the other hand, it is claimed by counsel for defendant, that a proceeding such as the present can not be resorted to for the purpose of contesting an election in this state; and that such contest can be had only in the specific mode prescribed by statute.
As the determination of the question thus presented, in one way, must conclude this controversy, we propose to examine it, leaving the questions of practice which are raised by the pending motions to be settled, for the future, by rules which we expect to adopt at the present term.
The constitution expressly confers “ original jurisdiction in quo warranto ” upon the supreme court and the district courts of the state, and looking to these provisions alone, it might well be claimed .that such plenary jurisdiction was intended as could be exercised in that behalf at common law; though it could hardly be claimed that the mode of exercising such jurisdiction could not be prescribed and regulated by the legislature. But it is clear that the power thus conferred may be modified or limited by other provisions of the same instrument, equally express. In such case we must consider the various provisions, in pari materia, and give such construction, if possible, to each, that all may have effect.
The 21st section of the second article of the constitution imperatively requires that: “ The general assembly shall de *134 termine by law before what., authority, and in what manner, the trial of contested elections shall be conducted.”
In fulfillment of the solemn obligation thus imposed, we find upon the statute book, in the election laws of the state, jurisdiction specially conferred upon various tribunals to hear and determine contests in regard to the election of the different public officers, and the mode prescribed in which such contests shall be conducted. The courts of common pleas in the several counties are specially designated as the “ authority ” before which elections of sheriffs, and the various other county officers shall be contested and by which such contests shall be heard and determined.
The senate of the state is, by the same laws, invested with full jurisdiction to hear and determine any contest in regard to the election of governor, lieutenant-governor, judge of this court, or of the court of common pleas, and other state officers.
This legislation being not merely permitted, but enjoined by the constitution, has, in effect, the same high sanction as though it formed a part of that instrument. Jurisdiction being thus specially conferred upon other tribunals, and the mode of its exercise prescribed, it can not be inferred that it was intended by the constitution to be differently exercised by a proceeding in quo warranto, as at common law, or by the supreme court and district courts, under a mere general grant of jurisdiction in quo warranto.
Public offices in this state do not exist in virtue of the common .law. They are the creatures of the constitution and the statute. The right to an elective office, such as that of sheriff, can only be acquired by an election, pursuant to the provisions of the statute. And it is a settled rule that “ where a new right, or the means of acquiring it, is conferred, and an adequate remedy for its invasion is given by the same statute, parties injured are confined to the statutory redress.” Smith v. Lockwood, 13 Barb. 209; Dudley v. Mayhew, 3 Comst. 9; Sedgw. on Stat. and Const. Law, 94. The rule is equally applicable, upon principle, that where the stat *135 ute which confers the means of acquiring a right prescribes an adequate special mode of determining, by a judicial investigation, the fact upon which the right depends, that mode must be exclusive. And it matters not, in this case, whether the means of acquiring a right to the office be supposed to be conferred by the statute or the constitution, for the statute which prescribes the special mode of contest owes its existence to the fiat of the constitution.
But it is said that .the parties here are not the same as in the statutory contest provided for in the constitution. That the latter can be instituted only by individual electors, while here, the prosecution is in the name of the state, which is not bound by the statute. It is ordinarily true that, in England, the king is not bound by a statute, unless specially named therein; but this statute, as we have seen, has its origin in the constitution; and the king, we apprehend, is bound by the constitution of the realm, and the state can not' be permitted to ignore her own organic law.
We think it was clearly intended that the state should be bound. In our system of popular government, as between candidates who are legally eligible, an absolute right of choice belongs to the electors, to be exercised according to their sole discretion, and when their votes have been canvassed, and the result publicly declared, if all the electors of the' proper district, whose will is entitled to absolute control, are satisfied with the fact thus declared, we perceive no good reason for allowing that fact to be questioned in any other quarter.
The state senate is, as we have said, the statutory tribunal before which a contest in regard to the election of governor is to be heard and determined. Now, could it have been intended, that the solemn finding and determination of that high tribunal upon the question of fact tried before it, should not bind the state as well as all her citizens ? That its judgment might be ignored, the question of fact be treated^s res integra, and be determined, perhaps differently, by a district court, in a proceeding by quo warranto, in any corner of the state ? We think not. The peace and order of the community, as *136 well as justice to the individual whose election is contested, require that the fact of his election should not be subject to repeated judicial inquiry. To- hold otherwise would be to degrade the right of contest in the statutory mode, from that rank which gave it a place in the constitution, to a nugatory farce. Nor does the just protection of rights' or interests, either public or private, require a different holding. If the election of a county officer be called in question, as in this case, ample power is given to the court of common pleas, to inquire into, and try all questions which can become necessary to a proper decision of the case. And should that court err, either in a finding of fact, or in its judgment of the law, both the district courts and this court are open for the review and correction of all such errors. There is no reason, therefore, why the common law rule should not apply, that a judgment of a court of competent jurisdiction can not be impeached collaterally.
A similar question has more than once been brought before the supreme court of Pennsylvania, upon attempts made to inquire, by quo warranto, into the result of municipal elections in cases where a special mode of contesting such elections is provided by statute; and that court has uniformly held that an information will not lie for such a purpose; that the remedy provided by the statute must be followed, to the exclusion of the common law mode of redress, and that such statutes bind the commonwealth. Com. ex rel. Att'y.-Gen. v. Garrigues, 28 Penn. St. Rep. 9; Com. v. Baxter, 35 Id. 263; Com. v. Leech, 44 Id. 332.
We have examined the several Indiana cases cited by counsel, but do not readily perceive their bearing upon the question we have been considering; and we are not aware of any authority which conflicts with the opinion we have expressed, at least not in any state where the special mode of contest is of constitutional origin.
If the defendant, Marlow, was eligible to the office of sheriff, the certificate of the clerk of the court of common pleas of his county, that he had been duly elected such sheriff, *137 was the proper legal evidence of the fact, which entitled him, on its production to the secretary of state, to receive from the governor a commission to fill the office (S. & C. Stat. 887); and we all concur in the opinion that such certificate can only be set aside, by means of a contest instituted by appeal to the court of common pleas, as provided by statute, and can not be inquired into by a proceeding of this kind.
Information dismissed.
Brinkerhoee, O.J., and Rannet, Wilder and White, JJ., concurred.